51 F.3d 281
 150 L.R.R.M. (BNA) 2575
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
PACESETTER CONSTRUCTION COMPANY, INC.,
Plaintiff-Cross-claimant-Appellant,
v.
CARPENTERS 46 NORTHERN CALIFORNIA COUNTIES CONFERENCE BOARD,
Defendant-Counter-claimant-Appellee.
 No. 93-16627.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 13, 1995.
Decided March 22, 1995.
 
 1
 Before: GOODWIN, CANBY and T.G. NELSON, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 I.
 
 3
 Pacesetter Construction Company, Inc., appeals the district court's confirmation of the Carpenters Board of Adjustment's Decision and Award in favor of Carpenters Local Union No. 316. We affirm the district court's confirmation of the Decision and Award.
 
 II.
 
 4
 It was appropriate for the Board to decide whether the 1981 Decision precluded it from finding that Pacesetter was bound by the Carpenters 46 Northern California Master Agreement ("Agreement"). Local Union No. 370 v. Morrison-Knudsen Co., 786 F.2d 1356, 1358 (9th Cir.1986). As long as the Board's 1992 Decision and Award drew its essence from the Agreement, the district court was constrained to enforce it even if the Board erred in its factual determination of what the 1981 Decision necessarily decided. Phoenix Newspapers Inc. v. Phoenix Mailers Union Local 752, 989 F.2d 1077, 1080 (9th Cir.1993) (under most circumstances, a reviewing court is bound to defer to the arbitrator's decision even if the arbitrator finds facts erroneously). Pacesetter has not set forth specific facts showing that the Board's determination concerning the 1981 Decision created a genuine issue as to whether the 1992 Decision and Award draws its essence from the Agreement. The district court therefore was not required to reject the 1992 Decision because of the 1981 Decision.
 
 III.
 
 5
 Pacesetter has presented no evidence that Carpenters committed fraud when it represented that it could not divine the meaning of the 1981 Decision. It also has presented no evidence that Arbitrator Koven must have based his decision on repudiation. Therefore, we will not reverse the district court's confirmation of the Decision and Award on the ground that it was procured through fraud.
 
 IV.
 
 6
 Pacesetter knowingly and voluntarily submitted the issue of repudiation to the Board in 1992. After the Board announced that it would consider on the merits whether Pacesetter was bound by the Agreement, thereby notifying Pacesetter that the 1992 proceeding was not a continuation of the 1981 proceeding, Pacesetter submitted the repudiation issue to the Board. Pacesetter did not preserve the question of whether the Board had jurisdiction over the repudiation issue by objecting to the Board's authority to decide the repudiation issue. Cf. Van Waters & Rogers, Inc. v. International Brotherhood of Teamsters, 913 F.2d 736, 740 (9th Cir.1990) (describing ways in which party to arbitration can preserve an issue for judicial determination). Because Pacesetter submitted the repudiation to the Board without objecting to the Board's jurisdiction over the issue, it implied its consent to have the Board decide whether it repudiated the Agreement. George Day Const. Co. v. United Brotherhood of Carpenters & Joiners, 722 F.2d 1471 (9th Cir.1984).
 
 V.
 
 7
 We also agree with the district court's determination that the Board accepted jurisdiction over the repudiation issue. In its Decision, the Board indicated that it would accept jurisdiction over the case, including the issue of whether Pacesetter had repudiated the Agreement, because there was no timely letter of termination. The Board then rejected Pacesetter's repudiation argument on the ground that Pacesetter had not presented evidence of a letter of repudiation on behalf of Pacesetter. The Board mentioned Deklewa standards, but it did not suggest that its reason for rejecting Pacesetter's repudiation argument was that Pacesetter had acted unilaterally. Therefore, the Board did not act in manifest disregard for the law in rejecting Pacesetter's argument that it had repudiated the Agreement.
 
 VI.
 
 8
 Finally, we hold that Carpenters is entitled to attorneys' fees under the terms of the Agreement.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3